## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **STANLEY L. HAMILTON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE NO. 5:24-CV-00186-TES-CHW** |
| **VS.** | : | |
| | : | |
| **Warden TEKETA JESTER,** *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendant** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

_____

### ORDER

*Pro se* Plaintiff Stanley Hamilton, a prisoner at Central State Prison in Macon, Georgia, has filed a 42 U.S.C. § 1983 complaint.  ECF No. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  ECF No. 3.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 3.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.  Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial

partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is also unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**INITIAL REVIEW OF PLAINTIFF'S COMPLAINT**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Rule 8 of the Federal Rules of Civil Procedure requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks".  A district court may properly dismiss a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates***,** 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some

3

minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

As the Complaint is currently written, it is difficult for the Court to discern what claims Plaintiff is attributing to which Defendants. *See* ECF No. 1 at 5-9. The narrative in the complaint describes Plaintiff's confinement in isolation based on a positive Covid test. Although it is not entirely clear, the complaint suggests that this confinement took place between September 19, 2023, and October 8, 2023. Plaintiff contends that during this time he was confined in a cell flooded with sewage, deprived of a mattress, denied a shower or change of clothes, denied medical care, denied access to the law library, and deprived of his personal property. Plaintiff describes contact with various officers during that period, but it is not clear from the indictment which officers Plaintiff holds responsible for specific deprivations or what claims Plaintiff seeks to bring against particular officers.

Plaintiff appears to be raising several claims that are subject to dismissal. First, Plaintiff's allegations regarding the loss of his property fails to state a claim under § 1983. "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir.

1994)). As to the third element, it is recognized that '[d]ue process is a flexible concept that varies with the particular situation." *Cryder*, 24 F.3d at 177. As to the second element of a procedural due process claim, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.*; *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.* Because Georgia law provides an adequate post-deprivation remedy through O.C.G.A. § 51-10-1, Plaintiff fails to state a § 1983 claim for the loss of his personal property. *See McLaughlin*, 569 F. App'x at 658 (concluding that the district court did not err in dismissing Plaintiff's procedural due process claim regarding prisoner's stolen packages); *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (upholding district court's dismissal of prisoner's claim that correctional officers were illegally confiscating the prisoner's personal property).

Plaintiff also alleges that he was restricted from law library while in administrative segregation due to a positive Covid test and that he "had 45 days to fill [his] appeal". ECF No. 1 at 5. If this is an attempt to raise a claim that his access to the courts was

unconstitutionally impeded by any Defendant, then Plaintiff's present assertions are wholly insufficient to do so. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). In other words, "[t]he injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010). Plaintiff has only offered vague and conclusory allegations that restricted access to the law library and his property was unconstitutional and has failed to cite to any nonfrivolous lawsuit or appeal that was affected by his twenty day quarantine period in administrative segregation. *See* ECF No. 1. Therefore, Plaintiff has failed to plead any actual injury as required for an access to the courts claim.

Lastly, Plaintiff's complaint appears to be subject to dismissal for failure to exhaust his administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted". The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process ***before*** filing suit in federal court. *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000) (emphasis added).; *see also Woodford v. Ngo,* 548 U.S. 81, 95 (2006) (holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"); *Anderson v. Donald*, 261 F. App'x 254, 256 (11th Cir. 2008) (per curiam) (Georgia inmate failed to exhaust administrative remedies where he failed to appeal grievable claims after presenting to the appropriate party); *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (finding completion of administrative remedies after suit has been filed insufficient to cure an exhaustion defect evident at the commencement of the suit). Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The exhaustion requirement cannot be waived even when the grievance process is futile or inadequate. *See id*. at 211; *Porter*, 534 U.S. at 524. The law is well-settled that "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case". *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v.*

7

*Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)).  The court will therefore "resolve this issue first".  *Myles*, 476 F. App'x at 366.

Plaintiff states in the complaint that "all grievances [are] still under review".  ECF No. 1 at 4.  Consequently, Plaintiff is advised that his present action may be premature and that he must provide corrections officials a "fair and full opportunity" to address the issues internally before initiating a federal action. *Woodford*, 548 U.S. at 90; *see also Porter*, 534 U.S. at 524–25 ("Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

Having now being advised of the exhaustion requirement, if Plaintiff realizes that he has not exhausted his administrative remedies prior to the filing of this suit and that his complaint is subject to dismissal for failing to do so, he can request a voluntary dismissal of this civil action[1] to complete the grievance process and pursue any appeals should he receive an adverse response to his grievances.  He can then timely refile a complaint once those remedies have been exhausted.

---

[1] Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A). Because no defendant has been served in the case, leave of court is not required to dismiss this action, and Plaintiff is automatically entitled to voluntary dismissal.

If Plaintiff believes he has fully exhausted his administrative remedies including the appeal of any grievances prior to initiating this civil action and wishes to proceed with his lawsuit, the Court will afford Plaintiff one opportunity to remedy the defects with his current complaint as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Thus, if Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form. Plaintiff is cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration in the prison system. Just because alleged events occur during the course of a prisoner's incarceration does not necessarily make claims about those allegations related under the Federal Rules of Civil Procedure. *See Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). A plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. Accordingly, Plaintiff is directed to limit his complaint only to defendants and claims that may be permissibly joined pursuant to the Federal Rules of Civil Procedure.

The recast complaint must contain a caption that clearly identifies by name each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to

plausibly identify each Defendant and demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each Defendant to which the claim is attributed:

(1)     What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2)     Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[2]

(3)     When and where did each action occur (to the extent memory allows)?

(4)     How were you injured because of this Defendant's actions or inactions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

---

[2] It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). A prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

(5)    What legally permissible relief do you seek from this Defendant?[3]

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).   Thus, Plaintiff's amended complaint will take the place of his original complaint.  Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint and will not look to Plaintiff's original complaint to review the claims raised therein. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may

---

[3] Plaintiff states that he wants "all Defendants to be charged with cruel and unusual punishment" and he wants "Miss C Banks be charge for taking on the role of a doctor". ECF No. 1 at 6. The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).  Plaintiff, a private citizen, likewise has no power to originate criminal pleadings on his own initiative.  *Id.*   Any relief against defendants would be civil in nature, not criminal.

dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.")
(citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541,
544 (5th Cir. 1978)); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016)
(holding that district court did not abuse its discretion in dismissing as improperly
joined claims against two defendants which did not "arise out of the same transaction,
occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379
F. App'x at 860 ("[T]he district court did not abuse its discretion in dismissing Skillern's
case without prejudice because Skillern failed to comply with … Rule 20(a).

Plaintiff must honestly, thoroughly, and completely answer each question
presented in the Court's standard § 1983 complaint form.  The Court will presume that
Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See*
Fed. R. Civ. P. 8.  Plaintiff should not otherwise use legal terminology or cite any
specific statute or case law.  Plaintiff is not to include any exhibits or attachments.  ***The
recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.
Plaintiff is **ORDERED** to recast his complaint on the Court's standard § 1983 form as
instructed if he wishes to proceed with this civil action within **FOURTEEN (14) DAYS**
from the date of this Order.  While this action is pending, Plaintiff must also immediately
inform the Court in writing of any change in his mailing address.  **Failure to fully and
timely comply with this Order may result in the dismissal of this Complaint.**  There
will be no service of process upon any Defendant until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Court's order.

**SO ORDERED and DIRECTED**, this 30th day of July, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

13