# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **STANLEY L. HAMILTON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE NO. 5:24-CV-00186-TES-CHW** |
| **VS.** | : | |
| | : | |
| **Warden TEKETA JESTER,** | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Unit Manager CENTAVIA BANKS,** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| **Counselor VONTERIA SMITH,** | : | |
| **Nurse HILL,**[1] | : | |
| | : | |
| **Defendants** | : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff Stanley Hamilton, a prisoner at Central State Prison in Macon, Georgia, filed the above-captioned claim seeking relief under 42 U.S.C. § 1983. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 3) which was granted (ECF No.

---

[1] The Court ordered Plaintiff to recast his complaint and informed him that his recast complaint would take the place of the original complaint. ECF No. 4 at 8-11. Plaintiff's recast complaint (ECF No. 5) is thus the operative complaint in this civil action. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting that generally, an amended complaint supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint). In his recast complaint, Plaintiff now removes all Defendants except Jester, Banks, and Smith. ECF No. 5 at 1 and 4. Plaintiff modifies Defendant Smith's name from "C. Smith" to "Centavia Smith". *See id.* Plaintiff also adds Nurse Hill as a Defendant. *Id.* The Clerk of Court is **DIRECTED** to add Nurse Hill as a Defendant, to change Defendant Banks's name from "C. Banks to Centavia Banks, and to terminate all other Defendants except Jester, Banks, Smith, and Hill.

4).  Plaintiff was ordered to recast his complaint (ECF No. 4) and his amended complaint has been submitted (ECF No. 5).

This case is ripe for preliminary review.  Upon such a review, Plaintiff may proceed with his Eighth Amendment claim against Defendants Smith and Jester for further factual development, but it is **RECOMMENDED** that Plaintiff's claims against Defendants Banks and Hill be **DISMISSED** without prejudice.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support

of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. <u>Plaintiff's Allegations</u>

Plaintiff's claims arise from his incarceration at Central State Prison in an isolation cell. ECF No. 5 at 6-8. Plaintiff states that between September 11, 2023 and September 19, 2023, he was exposed to another individual with Covid. *Id*. at 6. On September 23rd, Plaintiff was administered a Covid test by Defendant Nurse Hill. *Id*. Defendant Hill told Plaintiff that the test was negative to which he "jokingly" asked if he needed a doctor's opinion. *Id*. Plaintiff alleges that this made Defendant Hill angry and that she left the room. *Id*. Defendant Hill returned with Defendant Unit Manager Banks who informed Plaintiff that he did have Covid and "had [Plaintiff] placed in G Building Dorm 1 room 206." *Id*. Plaintiff complains that "the room was flooded. Every time the cell next door flushed [toilet] sewage came up in [Plaintiff's] cell." *Id*.

On September 26, 2023, Defendant Counselor Smith visited Plaintiff's cell. *Id*. Plaintiff states that he complained to Defendant Smith about being housed in that cell, to which Smith responded that Plaintiff had no rights. *Id*. at 7. Plaintiff requested a grievance form from Defendant Smith, and she delivered him one later that day. *Id*. Plaintiff avers that on September 27, Defendant Warden Jester along with a Deputy Warden and a Unit Manager, visited his cell for inspection. *Id*. Plaintiff claims he notified them that he could not stand up in his cell because of the sewage. *Id*. Plaintiff requested to be moved to a different cell, but Defendant Jester responded that she would not move him. *Id*. Plaintiff

states he also asked Defendant Jester why he "wasn't allowed to shower or see medical" and received no response to those questions. *Id.* Plaintiff further requested his "personal property," and later that day he was given a change of clothes and a mattress that he had to use "as a bridge to the door so [he] could get [his] food trays." *Id.* Plaintiff was eventually removed from the contaminated cell on October 8, 2023. *Id.* Plaintiff seeks $50,000 in damages from each Defendant "for the mental stress and the very unusual punishment." *Id.* at 8.

III.   Plaintiff's Claims

As previously mentioned, this Court ordered Plaintiff to recast his complaint to resolve defects within the original complaint that could result in the dismissal of his claims under § 1915A. ECF. No. 4. One of these defects was that Plaintiff may not have exhausted his administrative remedies prior to filing this federal lawsuit. *Id.* at 7-8. In the recast complaint, Plaintiff explains as to his grievances that "its been 11 months [and] Counselor Vonteria Smith still has it." ECF No. 5 at 3. He further states that "on Oct 15th I talk with Counselor Vonteria Smith, she said they could not do grievances for lack of staff." *Id.* at 4. Plaintiff states he then filed another grievance on November 1, 2023. *Id.* Plaintiff adds that on March 1, 2024, he talked to head Counselor Piersawl who responded that she would look for his grievances. *Id.* at 4-5. At this early stage of litigation, construing all allegations in Plaintiff's favor, the Court cannot summarily recommend dismissal of this Complaint for failure to exhaust administrative remedies because the facts as presented by Plaintiff suggest that a failure on the part of prison officials to process his

grievances may have rendered the grievance process unavailable to Plaintiff. *See Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016) (finding that an administrative remedy may be unavailable if "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates."); *Goebert v. Lee County*, 510 F.3d 1312, 1323 (11th Cir. 2007) ("available remedy" is one that is "capable of use for the accomplishment of a purpose"; remedy that is unknown or cannot be utilized is not "available"); *Pasco v. Ward*, No. 1:21-CV-04 (LAG), 2023 WL 6373893, at *9 (M.D. Ga. July 14, 2023), *report and recommendation adopted,* No. 121CV4LAGTQL, 2023 WL 7118760 (M.D. Ga. Sept. 15, 2023) (finding administrative remedies unavailable to prisoner when counselors were not accessible to timely collect a grievance). This finding, however, does not preclude any future inquiry into whether Plaintiff properly exhausted his administrative remedies as required by the PLRA prior to seeking federal action.

As to the actual claims in this civil action, Plaintiff does not expressly state what type of constitutional claims he is bringing under § 1983. Nevertheless, § 1915A imposes an obligation on the district court to review a prisoner's complaint to identify conceivable claims. *See Ford v. Hunter*, 534 F. App'x 821, 825 (11th Cir. 2013); *O'Berry v. State Attny's Office*, 241 F. App'x 654, 657 (11th Cir. 2007) ("under 28 U.S.C. § 1915A, the [district] court was obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff."). Accordingly, this Court construes Plaintiff's complaint to be raising a claim under the Eighth Amendment for unconstitutional conditions of confinement against the Defendants.

It is well-established that even though "the Constitution does not mandate comfortable prisons," a prisoner's claim that the conditions of his confinement constitute cruel and unusual punishment may state a claim for relief under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  To prevail on an Eighth Amendment conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities."  *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015).  This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993).  A prisoner must also show that prison officials had the requisite state of mind, *i.e.*, that the officials knew of the excessive risk to inmate health or safety and disregarded that risk.  *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999).

Plaintiff complains that he was placed in a segregation cell that was covered in sewage on September 23, 2023.   ECF No. 5 at 6-7.  Plaintiff further suggests that he personally made Defendant Smith aware of the condition of his cell on September 26 and complained to Defendant Jester on September 27, but they did nothing to immediately

remove him from that cell. *Id.* Plaintiff was finally released from the contaminated cell on October 8, 2023. *Id.* at 7. Construed liberally, Plaintiff's conditions-of-confinement claim against Defendants Jester and Smith are not frivolous. *See Brooks v. Warden*, 800 F.3d 1295, 1304 (11th Cir. 2015) (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("Exposure to human waste, like few other conditions of confinement, evokes both the health concerns emphasized in *Farmer* and the more general standards of dignity embodied in the Eighth Amendment."). Plaintiff's Eight Amendment claim shall therefore proceed against Defendants Jester and Smith for further factual development.

As to Defendants Banks and Hill, Plaintiff alleges that these Defendants disagreed on the results of his Covid test. Upon determining the test to be positive, Defendant Banks "had [Plaintiff] put in G-Building Dorm 1 room 206." ECF No. 5 at 6-8. There is nothing within Plaintiff's complaint to suggest that Defendant Banks or Hill was aware that the segregation cell was contaminated with sewage. *See id.* at 6-8. Therefore, it is **RECOMMENDED** that Plaintiff's Eighth Amendment claims regarding the conditions of his confinement against Defendants Banks and Hill be **DISMISSED** without prejudice.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with Judge Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made a colorable constitutional violation claim against Defendants Warden Teketa Jester and Counselor Vonteria Smith, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as

9

hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with

his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 29th day of October, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge