IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STANLEY HAMILTON,

    *Plaintiff*,

v.

Warden TEKETA JESTER,

    *Defendant*.

CIVIL ACTION NO.
5:24-cv-00186-TES

ORDER OF DISMISSAL

Plaintiff Stanley Hamilton filed a Complaint on June 13, 2024, along with a Motion for Leave to Proceed *In Forma Pauperis*. [Doc. 1]; [Doc. 3]. The Court granted his Motion for Leave to Proceed *In Forma Pauperis*, and ordered Plaintiff to recast his Complaint. [Doc. 4]. Plaintiff filed a Recast Complaint on August 20, 2024. [Doc. 5]. The Magistrate Judge then issued a Report and Recommendation ("R&R"), which the Court adopted after not receiving any objections from Plaintiff, dismissing Plaintiff's claims against two Defendants. [Doc. 6]; [Doc. 10]. That left just two remaining Defendants. One filed a Motion for Summary Judgment on May 12, 2025. [Doc. 17]. The Magistrate Judge issued an R&R recommending that the Court grant summary judgment. [Doc. 21].

When Plaintiff first filed this lawsuit, he was incarcerated. [Doc. 1]. Throughout most of this case, Plaintiff remained incarcerated. On July 22, 2025, Plaintiff filed a

Notice of Change of Address. [Doc. 20]. That notice stated that Plaintiff's new address would go into effect on September 1, 2025. [*Id.*]. That notice was also the last time the Court heard from Plaintiff. It appears from the address Plaintiff listed on his change of address that Plaintiff was released from prison on September 1, 2025. [Doc. 20]. The Court initially sent the Magistrate Judge's second R&R to Plaintiff's prison address because the R&R was entered before September 1, 2025. [Doc. 21]. However, when the R&R was returned as undeliverable, the Court then sent it to the address on Plaintiff's change of address. [Doc. 22]. Plaintiff did not respond to the R&R, so the Court adopted it, leaving just Defendant Jester. [Doc. 23].

The Court then issued an Order for Pretrial Conference on February 2, 2026, and sent it to the address on Plaintiff's change of address. [Doc. 24]. That order set the date for the pretrial conference, the deadline to submit a proposed pretrial order with instructions on how to submit it, and the date for the jury trial. [*Id.*]. The Court timely received a Proposed Pretrial Order from Defendant Jester, but did not hear from Plaintiff. Then, Plaintiff did not show up to the Pretrial Conference. At the Pretrial Conference, opposing counsel stated they had not heard from Plaintiff.

Therefore, the last time the Court heard from Plaintiff was July 22, 2025, when he filed his notice of change of address. [Doc. 20]. Since then, Plaintiff has failed to object to the R&R, failed to submit a Proposed Pretrial Order, and failed to show up for the Pretrial Conference. As Plaintiff's filings show, he clearly knows that "[i]t is Plaintiff's

2

responsibility to keep the Court apprised of his current address, and his apparent failure to update his address is tantamount to a failure to diligently prosecute." *Fair v. Ladd*, No. 5:21-CV-00414-TES-CHW, 2022 WL 22716028, at *1 n.1 (M.D. Ga. Mar. 30, 2022). Furthermore, failure to submit a Proposed Pretrial Order constitutes failure to comply with a court order, and not showing up for the pretrial conference constitutes failure to prosecute.

At the Pretrial Conference, counsel for Defendant Jester indicated they wished to move to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). With the trial only weeks away and no word from Plaintiff in seven months, the Court **DISMISSES** Plaintiff's case for failure to prosecute and failure to appear at a pretrial conference. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *see also* Fed. R. Civ. P. 16(f)(A) (stating that the Court may impose sanctions, including dismissal, for failure to appear at a pretrial conference).

**SO ORDERED**, this 2nd day of March, 2026.

S/ *Tilman E. Self, III*  
**TILMAN E. SELF, III**  
**UNITED STATES DISTRICT JUDGE**